# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 3:11-cv-00451-RCJ-WGC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#12), respondents' motion to dismiss (#14), petitioner's opposition (#18), and respondents' reply (#19).[1] The court finds that petitioner has not exhausted his available state-court remedies for all of his grounds, and the court grants the motion.

This case arises out of what originally were two criminal cases in the Eighth Judicial District Court of the State of Nevada. First, in case 02C188823, petitioner was charged with the attempted murder of Suzanne Smith with the use of a deadly weapon. Ex. 2 (#16). Second, in case 03C189219, petitioner was charged with the murder of Mary Amina with the use of a deadly weapon, attempted murder of Daniel Stewart with the use of a deadly weapon, and possession of a firearm by an ex-felon. Ex. 4 (#16). The prosecution then consolidated both cases into case 02C188823. In the superseding indictment, petitioner was charged with: (1) Attempted murder of Suzanne Smith with the use of a deadly weapon, on November 5, 2002; (2) possession of a firearm

---

[1] Petitioner also filed a reply to the reply (#21). This document is not authorized by LR 7-2 or by order of the court, and the court will not consider it.

by an ex-felon, on November 5, 2002; (3) murder of Mary Amina with the use of a deadly weapon, on December 1, 2002; (4) attempted murder of Daniel Stewart with the use of a deadly weapon, on December 1, 2002; and (5) possession of a firearm by an ex-felon, on December 1, 2002. Ex. 6 (#16).

The trial court then granted petitioner's motion to sever the counts. Ex. 14, at 13-14 (#16). Petitioner first went to trial on the charges of murder of Mary Amina, attempted murder of Daniel Stewart, and possession of a firearm by an ex-felon. The jury found him guilty, and petitioner was convicted on all three counts. Ex. 21 (#16) ("Amina/Stewart judgment"). Petitioner next went to trial for the attempted murder of Suzanne Smith. The jury found petitioner guilty and he was convicted of that count. Ex. 28 (#17) ("amended Smith judgment").[2] Petitioner appealed both judgments of conviction, and the Nevada Supreme Court affirmed. Ex. 33, 34 (#17).

Petitioner then commenced state-court post-conviction proceedings. On October 23, 2006, he filed a habeas corpus petition and a supporting memorandum that challenged the Amina/Stewart judgment. Ex. 34 (#17). On September 23, 2008, petitioner filed a habeas corpus petition and a supporting memorandum that challenged the amended Smith judgment. Ex. 35, 36 (#17). Both of these petitions are still pending in case 02C188823.

Petitioner commenced this action to challenge the amended Smith judgment. He commenced another action in this court, Antonetti v. Neven, 3:11-cv-00157-ECR-WGC, to challenge the Amina/Stewart judgment. The court dismissed that action because petitioner had not exhausted his available state-court remedies.

Likewise, respondents argue that petitioner has not exhausted his available state-court remedies for the amended Smith judgment. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's

---

[2]The initial Smith judgment of conviction was actually a copy of the Amina/Stewart judgment. Ex. 26 (#17). The Nevada Supreme Court directed the district court to review the record and to enter an accurate judgment if necessary. Ex. 27 (#17). The district court then entered the amended Smith judgment. Ex. 28 (#17).

highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

The three issues that petitioner presented to the Nevada Supreme Court on direct appeal do not suffice to exhaust any grounds. In direct-appeal issue A, petitioner claimed that the trial court erred in admitting testimonial evidence from the Amina/Stewart incident into the trial on the Smith incident. Ex. 30, at 8-17 (#17). This issue corresponds to ground 7 of the petition (#12). In direct-appeal issue B, petitioner claimed that the prosecutor committed misconduct in its method of offering, and the trial court erred in admitting, photographs of petitioners' full-arm tattoos that depict Adolf Hitler and symbols of the Nazis. This issue corresponds to ground 10 of the petition (#12). In direct-appeal issue C, petitioner claimed that the trial court erred in excluding testimony that would have impeached a witness who identified petitioner as the shooter of Smith. This issue corresponds to ground 4 of the petition (#12). Although each direct-appeal issue corresponds to a ground in the petition (#12), petitioner presented the direct-appeal issues solely as matters of state law. Petitioner did not mention the Constitution or laws of the United States in any of those issues. Because petitioner did not inform the Nevada Supreme Court of the federal nature of his claims, he did not exhaust grounds 4, 7, and 10 on direct appeal.

Petitioner's state habeas corpus petition also does not suffice to exhaust any grounds. His federal habeas corpus petition (#12) is identical to his state habeas corpus petition. However, the state habeas corpus petition is still pending in the state district court. The Nevada Supreme Court has not yet had the opportunity to rule on any of the grounds presented in the state habeas corpus petition.

Respondents also argue that the court should dismiss the petition as unexhausted simply because his post-conviction habeas corpus petition is pending in state court, regardless of whether any grounds are exhausted. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Recently, the court of appeals has clarified that Sherwood applies when a direct appeal in state court is still pending, but does not apply when a post-conviction habeas corpus petition is pending in state court. Henderson v. Johnson, ___ F.3d ___, 2013 WL 28579, at *2 (9th Cir. Jan. 3, 2013). Sherwood is inapplicable to petitioner because his direct appeal concluded before he filed his federal habeas corpus petition.

The petition (#12) is completely unexhausted. Consequently, the court will dismiss this action. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). See also Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims.")

Respondents also argue that the court should dismiss ground 7. As noted above, in ground 7 petitioner claims that the admission of evidence about the Amina/Stewart incident into the trial on the Smith incident was unconstitutional. Respondents note that the Supreme Court of the United States has not clearly established whether admission of other crimes into evidence violates the Due Process Claus of the Fourteenth Amendment, and thus this court cannot grant petitioner any relief on ground 7. See 28 U.S.C. § 2254(d)(1). However, the court also has concluded that ground 7 is unexhausted. Respondents' argument is something that they can raise again in an answer on the

merits, assuming that petitioner returns to this court and that the ground survives procedural defenses.

The court cannot determine whether the petition (#12) is untimely. Petitioner had one year from the finality of his judgment of conviction to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Other parts of § 2244(d)(1) are not applicable to petitioner. The judgment of conviction became final on March 20, 2006, when the time to file a petition for a writ of certiorari with the Supreme Court of the United States expired. See Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009); Sup. Ct. R. 13(1). The pendency of a properly-filed state habeas corpus petition tolls the federal period of limitation. 28 U.S.C. § 2244(d)(2). Petitioner did not file a state habeas corpus petition challenging the amended Smith judgment until September 23, 2008. Based upon these dates, respondents argue that the federal period of limitation expired before petitioner filed his state habeas corpus petition, and there was nothing left to toll. In state court, respondents have moved to dismiss the state habeas corpus petition because it is untimely pursuant to Nev. Rev. Stat. § 34.726(1), because petitioner did not file a petition challenging the amended Smith judgment until more than a year had passed after the issuance of the remittitur from the direct appeal. Ex. 51 (#17). To the best of this court's knowledge, the state district court has not ruled upon that motion.[3] Petitioner filed a petition challenging the Amina/Stewart judgment on October 23, 2006. That petition appears to be filed within the state's one-year period of limitation of § 34.726(1). If the state district court rules that the challenge to the amended Smith judgment is an allowable supplement, then the federal period of limitation regarding the amended Smith judgment would have been tolled starting October 23, 2006, the tolling would not have yet stopped, and this action would be timely.[4] This court does not yet have enough information for a determination on timeliness.

---

[3] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7495057 (report generated February 1, 2013).

[4] Nevada does not use the relation-back procedure of Nev. R. Civ. P. 15(c) for post-conviction habeas corpus petitions. Pursuant to Nev. Rev. Stat. § 34.750(5), a state district court has the discretion to allow supplementation of a petition with completely new claims. See State v. Powell, 138 P.3d 453, 457-58 (Nev. 2006).

-5-

Jurists of reason would not find debatable the court's conclusion that petitioner has failed to exhaust his state-court remedies for all of his grounds.  Therefore, this court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#14) is **GRANTED**. This action is **DISMISSED** without prejudice for plaintiff's failure to exhaust his available state-court remedies.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
Chief United States District Judge